1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

3

May 26, 2022

4

SEAN F. McAVOY, CLERK

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7   RONELDA S.

8                               Plaintiff,       NO:  2:21-CV-169-RMP

9         v.                                      ORDER GRANTING IN PART
                                                  PLAINTIFF'S MOTION FOR
                                                  SUMMARY JUDGMENT AND
10  COMMISSIONER OF SOCIAL                        REMANDING FOR ADDITIONAL
    SECURITY,                                     PROCEEDINGS
11
                                Defendant.
12

13        BEFORE THE COURT, without oral argument, are cross-motions for

14  summary judgment from Plaintiff Ronelda S.[1] ECF No. 20, and Defendant the

15  Commissioner of Social Security (the "Commissioner"), ECF No. 21.  Plaintiff

16  seeks judicial review, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), of

17  the Commissioner's denial of her claim for Social Security Disability Insurance

18  Benefits ("DIB") and Social Security Income ("SSI") under Titles II and XVI of the

19

20  [1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
    name and last initial.

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 1

Social Security Act (the "Act"). *See* ECF No. 20 at 1–2. Having considered the parties' motions, the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court grants in part summary judgment in favor of Plaintiff, reverses the Commissioner's final decision, and remands the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

### General Context

Plaintiff was born in 1969 and applied for DIB and SSI on approximately May 22, 2018, alleging disability beginning on September 1, 2018. Administrative Record ("AR")[2] 15, 282–307. Plaintiff reported that she was suffering from migraines, chronic thrush, asthma, ulcers, diverticulitis, chronic obstructive pulmonary disorder, rheumatoid arthritis, depression, diabetes, high cholesterol, high blood pressure, insomnia, and anxiety. AR 208. Plaintiff's last employment was as a restaurant manager until summer 2016, when she alleges that she was unable to continue working due to severe back pain, locking, an inability to get up after sitting down for a break, difficulty walking or standing for extended periods, and severe

---

[2] The AR is filed at ECF No. 10.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 2

migraines.  AR 57–59, 73.  The application was denied initially and upon

reconsideration, and Plaintiff requested a hearing.  *See* AR 140–41.

On August 4, 2020, Plaintiff appeared at a hearing, represented by attorney

Chad Hatfield, before Administrative Law Judge ("ALJ") Jesse Shumway in

Spokane, Washington.  AR 39–41.  Due to the exigencies of the COVID-19

pandemic, Plaintiff and her counsel appeared telephonically.  AR 41–42.  The ALJ

also heard telephonically from vocational expert Richard Hincks and medical expert

Minh Vu.  AR  44–79.  Plaintiff, Mr. Hincks, and Dr. Vu responded to questions

from ALJ Shumway and counsel.  AR 44–79.

### ALJ's Decision

On October 9, 2020, ALJ Shumway issued an unfavorable decision.  AR 15–

28.  Applying the five-step evaluation process, ALJ Shumway found:

**Step one:** Plaintiff meets the insured status requirements of the Social

Security Act through March 31, 2022, and Plaintiff has not engaged in substantial

gainful activity since September 1, 2016, the alleged onset date.  AR 18.

**Step two:** Plaintiff has the following severe impairments that are medically

determinable and significantly limit her ability to perform basic work activities:

cervical degenerative disc disease, major depressive disorder, generalized anxiety

disorder, and post-traumatic stress disorder, under 20 C.F.R. §§ 404.1520(c) and

416.920(c).  AR 18.  The ALJ further found that asthma, left ankle sprain, left heel

fracture, hypertension, hyperlipidemia, migraines, hemorrhoids, and methamphetamine abuse were non-severe impairments that would have no more than a minimal effect on Plaintiff's ability to perform basic work activities. AR 18.  The ALJ found that Plaintiff's alleged bipolar disorder, rheumatoid arthritis, low back pain, and atypical chest pain were not medially determinable impairments given the lack of objective evidence.  AR 19.

**Step three:** The ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526(d), 416.920(d), 416.925, and 416.926).  AR 19.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff had the RFC to: perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can never climb ladders, ropes, or scaffolds.  She cannot have concentrated exposure to pulmonary irritants. She cannot tolerate exposure to hazards, such as unprotected heights and moving mechanical parts. She is limited to simple, routine tasks.  She can have no contact with the public. She can have superficial contact with coworkers.  She requires a routine, predictable work environment with no more than occasional changes.  AR 21.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms

1   "are not entirely consistent with the medical evidence and other evidence in the

2   record" for several reasons that the ALJ discussed.  AR 21.

3          **Step four:** The ALJ found that Plaintiff has past relevant work as a landscaper

4   (medium, semi-skilled work with a Specific Vocational Preparation ("SVP") of 3),

5   as a cashier (light, unskilled work with an SVP of 2), and as a sorter (light, unskilled

6   work with an SVP of 2).  AR 26.  The ALJ relied on the VE's testimony to find that

7   Plaintiff is unable to perform her past relevant work as actually or generally

8   performed.  AR 26.

9          **Step five:** The ALJ found that Plaintiff has a high school education; was 46

10  years old on her alleged disability onset date, which is defined as a younger

11  individual (age 18-49); and that transferability of job skills is not material to the

12  determination of disability because the application of the Medical-Vocational

13  Guidelines to Plaintiff's case supports a finding that Plaintiff is "not disabled,"

14  whether or not Plaintiff has transferable job skills.  AR 26.  The ALJ found that there

15  are jobs that exist in significant numbers in the national economy that Plaintiff can

16  perform considering her age, education, work experience, and RFC.  AR 26–27.

17  Specifically, the ALJ recounted that the VE identified the following representative

18  occupations that Plaintiff would be able perform with the RFC: Pricer (light,

19  unskilled work with an SVP of 2); Hand Packager/Inspector (light, unskilled work

20  with an SVP of 2); and Office Helper (light, unskilled work with an SVP of 2).  AR

21

1    27.  The ALJ concluded that Plaintiff had not been disabled within the meaning of

2    the Social Security Act at any time from September 5, 2018, through the date of the

3    ALJ's decision.  AR 27.

4        The Appeals Council denied review.  AR 1–6.

5                          **LEGAL STANDARD**

6        ***Standard of Review***

7        Congress has provided a limited scope of judicial review of the

8    Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the

9    Commissioner's denial of benefits only if the ALJ's determination was based on

10   legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d

11   993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's]

12   determination that a claimant is not disabled will be upheld if the findings of fact are

13   supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

14   1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

15   but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10

16   (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989).

17   Substantial evidence "means such evidence as a reasonable mind might accept as

18   adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

19   (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may

20   reasonably draw from the evidence" also will be upheld.  *Mark v. Celebrezze*, 348

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 6

F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A).  The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A). Thus, the

definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 416.920, 404.1520. Step one determines if he is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 416.920(a)(4)(ii), 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. §§ 416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 8

1    If the impairment is not one conclusively presumed to be disabling, the

2  evaluation proceeds to the fourth step, which determines whether the impairment

3  prevents the claimant from performing work that he has performed in the past.  If the

4  claimant can perform her previous work, the claimant is not disabled.  20 C.F.R. §§

5  416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment

6  is considered.

7    If the claimant cannot perform this work, the fifth and final step in the process

8  determines whether the claimant is able to perform other work in the national

9  economy considering her residual functional capacity and age, education, and past

10  work experience.  20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v.*

11  *Yuckert*, 482 U.S. 137, 142 (1987).

12    The initial burden of proof rests upon the claimant to establish a prima facie

13  case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

14  Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden

15  is met once the claimant establishes that a physical or mental impairment prevents

16  him from engaging in her previous occupation.  *Meanel*, 172 F.3d at 1113. The

17  burden then shifts, at step five, to the Commissioner to show that (1) the claimant

18  can perform other substantial gainful activity, and (2) a "significant number of jobs

19  exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722

20  F.2d 1496, 1498 (9th Cir. 1984).

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 9

# ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1.    Did the ALJ erroneously assess five of the competing medical opinions?

2.    Did the ALJ erroneously evaluate the severity of Plaintiff's conditions?

3.    Did the ALJ erroneously determine that Plaintiff's impairments were not of Listing-level severity?

4.    Did the ALJ erroneously assess Plaintiff's subjective symptom complaints?

5.    Did the ALJ err in formulating the RFC and making vocational findings at Step Five?

***Medical Opinion Testimony***

Plaintiff argues that the ALJ erred in his evaluation of five medical opinions, from Minh Vu, MD; Carmen Stolte, NP; Aaron Burdge, PhD; NK Marks, PhD; and Patrick Metoyer, PhD.  The Commissioner contends that the ALJ reasonably evaluated eight competing medical opinions before him, including from the five medical sources raised by Plaintiff in her Motion for Summary Judgment, and that the ALJ's failure to address Dr. Burdge's medical opinion was harmless error.  ECF No. 21 at 3.

1    The regulations that took effect on March 27, 2017, provide a new framework

2    for the ALJ's consideration of medical opinion evidence and require the ALJ to

3    articulate how persuasive he finds all medical opinions in the record, without any

4    hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the

5    Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18,

6    2017); 20 C.F.R. § 404.1520c.  Instead, for each source of a medical opinion, the

7    ALJ must consider several factors, including supportability, consistency, the

8    source's relationship with the claimant, any specialization of the source, and other

9    factors such as the source's familiarity with other evidence in the claim or an

10    understanding of Social Security's disability program.  20 C.F.R. § 404.1520c(c).

11    Supportability and consistency are the "most important" factors, and the ALJ

12    must articulate how he considered those factors in determining the persuasiveness of

13    each medical opinion or prior administrative medical finding.  20 C.F.R. §

14    404.1520c(b)(2).  With respect to these two factors, the regulations provide that an

15    opinion is more persuasive in relation to how "relevant the objective medical

16    evidence and supporting explanations presented" and how "consistent" with

17    evidence from other sources the medical opinion is.  20 C.F.R. § 404.1520c(c)(1).

18    The ALJ may explain how he considered the other factors, but is not required to do

19    so, except in cases where two or more opinions are equally well-supported and

20    consistent with the record.  20 C.F.R. § 404.1520c(b)(2), (3).  Courts also must

21

continue to consider whether the ALJ's finding is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

Prior to issuance of the new regulations, the Ninth Circuit required an ALJ to provide clear and convincing reasons to reject an uncontradicted treating or examining physician's opinion and provide specific and legitimate reasons where the record contains a contradictory opinion. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). One month ago, the Ninth Circuit held that the Social Security regulations revised in March 2017 are "clearly irreconcilable with [past Ninth Circuit] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22, 2022). The Ninth Circuit continued that the "requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, is likewise incompatible with the revised regulations." *Id.* at *15 (internal citation omitted).

Accordingly, as Plaintiff's claim was filed after the new regulations took effect, the Court refers to the standard and considerations set forth by the revised rules for evaluating medical evidence. *See* AR 15.

/ / /

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 12

1        Minh Vu, MD

2        Plaintiff argues that the ALJ "inexplicably adopted the clearly erroneous

3  testimony of physical medial expert Dr. Vu." ECF No. 20 at 8.  Plaintiff asserts that

4  Dr. Vu should have considered examination findings from physical therapists and

5  ignored Plaintiff's loss of strength and sensation resulting from cervical

6  radiculopathy, even when Plaintiff's counsel pointed out Dr. Vu's "inaccuracies" to

7  him.  *Id.*  Plaintiff continues that objective findings in the record contradict Dr. Vu's

8  testimony and argues that, consequently, "the ALJ's reliance on the incorrect

9  testimony of Dr. Vu was not supported by substantial evidence."  *Id.* at 9–10 (citing

10  AR 868, 870, 921, and 926).

11        The Commissioner responds that Plaintiff's "alternative interpretation of the

12  record evidence has no bearing on the persuasive value of Dr. Vu's opinion."  ECF

13  No. 21 at 6 (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005), for the

14  proposition that courts should uphold the ALJ's decision when the evidence is

15  susceptible to more than one rational interpretation).

16        Plaintiff replies that the Commissioner has not supported her assertion that Dr.

17  Vu adequately reviewed the entire longitudinal record or that his testimony was

18  supported by a mostly unremarkable record.  ECF No. 22 at 4.  Rather, Plaintiff

19  argues, Dr. Vu's testimony "lacked any supporting factual basis, and the ALJ's

20  reliance on this incorrect testimony poisoned the entire decision."  *Id.*

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 13

1    Dr. Vu testified as a medical expert at Plaintiff's administrative hearing and

2   stated that he had reviewed Plaintiff's entire medical record in the administrative

3   file.  AR 44.  Dr. Vu testified that Plaintiff has a cervical spinal disease but does not

4   have any neuromuscular deficits or compression of any nerve roots.  AR 44.  Dr. Vu

5   characterized the record as showing that Plaintiff's left heel fracture is healing and

6   did not have a 12-month duration by the time of the hearing.  AR 45.  With respect

7   to Plaintiff's claimed diagnosis of COPD, Dr. Vu reported that he did not find any

8   spirometry to study it and that he concluded that the condition was "not very

9   severe."  AR 45.  Dr. Vu continued that Plaintiff's hypertension "has no

10  complications," such as a kidney, heart, or eye problem or abnormal creatinine

11  levels.  AR 45.  Dr. Vu testified that with respect to Plaintiff's complaint of

12  migraines, he did not find that her file indicated "any organic problem with the

13  central nervous system."  AR 45.  Dr. Vu concluded that Plaintiff's cervical spine

14  problem was her only severe impairment.  AR 45.  Dr. Vu discussed whether

15  Plaintiff qualified for any Listing and concluded that she did not.  AR 48.  Dr. Vu

16  further opined as to workplace restrictions and testified that "giving maximum credit

17  to [Plaintiff's complaints of] pain [he] would restrict her to a full range of light."

18  AR 48–49.  Dr. Vu continued that he found that the record supported environmental

19  restrictions for Plaintiff, including no climbing ropes, no working around moving

20

21

1   equipment and avoiding concentrated levels of air pollution because of the

2   complaint of the COPD.

3          Plaintiff's counsel asked Dr. Vu about whether he had evaluated an October

4   2018 physical therapy treatment record showing testing regarding Plaintiff's muscle

5   strength and range of motion.  AR 50 (citing AR 868–69).  Dr. Vu indicated that he

6   had reviewed the record and determined that the findings of the physical therapist

7   were "not really consistent with the physical findings by an MD anywhere in the

8   file" or even with the physical therapist's own findings.  AR 50–51.  Dr. Vu

9   indicated that the record contained findings that Plaintiff was "independent and

10  complaint [sic] [INAUDIBLE] percent of the time. Demonstrated cervical active

11  range of motion 75 degrees. Grip strength at least 5/5 and that's very strong, that's

12  normal. Number 4, perform routine ADL, activities of daily living, and recreation

13  activities without limiting."  AR 51.  Plaintiff's counsel pointed out, and Dr. Vu

14  acknowledged, that Dr. Vu was reading "goals" set forth in the record, rather than

15  examination findings.  AR 51.  Plaintiff's counsel also asked Dr. Vu to comment on

16  the findings in the physical therapy treatment record of marked muscle atrophy, a

17  marked decreased strength in the C5-C6 level, a 4-out-of-5 rapid onset of fatigue

18  with repeated testing, and a decreased range of motion in Plaintiff's left shoulder.

19  AR 51.  Dr. Vu responded that he didn't think that the physical therapist who created

20  the record was "qualified to do physical exams for SSA . . . [was] not a physician

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 15

and the finding is not consistent with the remaining medical records." AR 52.

Plaintiff's counsel asked Dr. Vu to review a December 2018 record from a treating

physician finding that Plaintiff had decreased grip strength on the left, sudden

weakness and numbness, and decreased sensation in "all the same areas" noted by

the physical therapist. AR 52 (discussing AR 921–22). Dr. Vu responded that he did

not think that Plaintiff had any significant loss of the strength, and his opinion was

not altered by what Plaintiff's counsel had shown him. AR 52.

> The ALJ found Dr. Vu's opinion persuasive as follows:

> Medical expert Minh Vu, M.D. reported that the claimant could perform light work with postural and environmental limitations (Hearing). As a medical expert, Dr. Vu was able to support his opinion with detailed testimony regarding the evidence used to formulate it. He is the only medical source who reviewed the entire longitudinal medical record, as constituted at the time of the hearing, and he is the only medical source who was available to explain his opinion at the hearing and respond to questioning from myself and the claimant's representative. I find his opinion is consistent with the evidence of record, including the claimant's treating provider's report that she showed full strength in all extremities despite pain. Based on his analysis and the significant indicia of reliability that accompany it, Dr. Vu's opinion is persuasive.

AR 25.

> Dr. Vu testified that an October 30, 2018 physical therapy treatment

record supported that Plaintiff has "cervical active range of motion 75

degrees" and "grip strength at least 5/5," and is able to perform routine

activities of daily living and recreational activities without limiting neck and

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 16

shoulder pain or weakness.  AR  51.  However, the treatment record listed

those capabilities as goals, not findings.  AR 868.  The ALJ repeated Dr.

Vu's mischaracterization by finding Dr. Vu's opinion "consistent with the

evidence of record, including the claimant's treating provider's report that

she showed full strength in all extremities despite pain."  AR 25.[3]

Plaintiff has shown that Dr. Vu's characterization of the medical

record was inaccurate, and the ALJ accepted that inaccurate characterization,

even though it was not supported by substantial evidence.   Under the new

regulations addressing the treatment of medical opinion evidence, courts still

must determine whether the agency's findings were based on substantial

evidence.  *See* 42 U.S.C. § 405(g).  The Court finds that the ALJ erred by

basing his analysis of Dr. Vu's opinions on an inaccurate representation of

the record.

Carmen Stolte, NP

Plaintiff argues that the ALJ erred in evaluating the July 2020 of Plaintiff's

primary care provider, Ms. Stolte, by failing to address Ms. Stolte's opinions about

absenteeism, off-task behavior, and a need to lie down throughout the day, ignoring

---

[3] The ALJ cited to page "17" of the physical therapy treatment record exhibit, but the record contains only four pages.  *Compare* AR 25 (citing "Ex. 22F/17") *with* AR 868–71 (Ex. 22F).

that the record supports that Plaintiff requires cervical surgery, and overlooking

Plaintiff's migraine headaches. ECF No. 20 at 10. Plaintiff argues that the ALJ also

was wrong to find Ms. Stolte's 2020 opinion inconsistent with her 2018 opinion

because Ms. Stolte wrote the 2020 opinion after relevant imaging and examination

findings. *Id.* (citing AR 769–71). Plaintiff maintains that the ALJ's assessment of

Ms. Stolte's 2020 opinions was conclusory and "little more than substituting his own

lay opinion for Nurse Stolte's professional expertise and 15-year treating

relationship with the claimant." ECF No. 22 at 5–6.

The Commissioner responds that the ALJ's analysis of the supportability and

consistency of Ms. Stolte's opinion was proper and well-supported. ECF No. 21 at

7.

Ms. Stolte opined in June 2018 that Plaintiff is capable of performing no more

than light work. AR 771. Ms. Stolte completed a second medical report for Plaintiff

in July 2020 and opined that Plaintiff is "unable to perform the demands of even

sedentary work." AR 989. Ms. Stolte further opined that based on the cumulative

effect of all of Plaintiff's limitations, including frequent headaches, chronic low

back pain, and anxiety, Plaintiff is likely to be off-task approximately 21-30% of a

40-hour workweek and would miss four days or more on average per month. AR

989–90. Ms. Stolte indicated on the 2020 form that she began treating Plaintiff in

August 2006 and that Plaintiff's conditions existed "prior to establishing care" with

Ms. Stolte.  AR 988, 990.

The ALJ found Ms. Stolte's 2018 opinion "somewhat persuasive" and her

2020 opinion "not persuasive" as follows:

> Treating provider Carmen Stolte, NP reported that the claimant could
> perform light work. This provider did not support her assessment with
> objective findings, as she merely filled out a check-box form. However,
> in general, the evidence of record is consistent with a limitation to light
> work because magnetic resonance imaging (MRI) showed degenerative
> changes in the claimant's cervical spine. For these reasons, the above
> opinion is somewhat persuasive. In 2020, Carmen Stolte reported that
> the claimant could not even perform sedentary work. This opinion is
> not generally supported by objective findings, as Ms. Stolte merely
> noted that the claimant experienced joint and back pain, without
> reference to objective testing. Importantly, the other evidence of record
> is inconsistent with a finding that the claimant was able to perform light
> work until 2020, when this provider reported that she could not perform
> even sedentary work. For example, in May of 2020, the claimant
> showed normal gait, station, and head/neck mobility (Ex. 35F/4). As
> such, the above opinion is not persuasive.

AR 25.

As Plaintiff contends, the ALJ addressed only one of the opinions that Ms.

Stolte expressed in the 2020 report, that Plaintiff cannot perform even sedentary

work, and not the remaining opinions regarding likely absenteeism and need to lay

down for portions of the day.  AR 25, 988–90.  Moreover, the ALJ's consideration

of the supportability and consistency of Ms. Stolte's opinion is conclusory and fails

to adequately explain why the ALJ found the opinion of Plaintiff's longtime

treatment provider to be unpersuasive.  *See Tina T. v. Comm'r of Social Security*,

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 19

2020 WL 4259863, at *4 (W.D. Wash. July 24, 2020)).  Therefore, the Court finds

that the ALJ erred in his evaluation of Ms. Stolte's opinions.

NK Marks, PhD

Plaintiff maintains that Dr. Marks's observations and findings, as well as the

greater record, contradict the ALJ's "bare assertion" that Dr. Marks's opinion was

not supported by the largely unremarkable findings.  ECF No. 22 at 7.  Specifically,

Plaintiff maintains that Dr. Marks supported her opinion with objective clinical

interview and mental status findings: "(1) severe depression symptoms; (2) severe

anxiety symptoms; (3) PTSD, with physical abuse by her ex-husband directed at her

and their children, stalking, threatening, and severe beatings, with ongoing fear and

trauma-based symptoms in the severe range; (4) poorly organized speech; (5) zero

eye contact, with behavior characterized by crying and rocking back and forth; (6)

anxious and depressed mood, with agitated affect; (7) poor working memory; (8)

fund of knowledge not within normal limits; and (9) abstract thought not within

normal limits."  *Id.* at 7 (citing AR 764–68).

The Commissioner responds that "Plaintiff's request for an alternative

interpretation of Dr. Marks's opinion should fail under the substantial evidence

standard."  ECF No. 21 at 9–10.  The Commissioner continues that the ALJ properly

analyzed the supportability and consistency of Dr. Marks's opinion.  *Id.* at 10.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 20

1      Dr. Marks conducted a mental status examination and psychological

2  evaluation of Plaintiff for the Washington State Department of Social and Health

3  Services ("DSHS") in June 2018.  AR 762–66.  Dr. Marks made clinical findings of

4  particular symptoms placing Plaintiff in the severe range of depression, anxiety, and

5  PTSD.  AR 764.  Dr. Marks ultimately assessed marked to severe limitations in ten

6  basic work activities and an overall marked severity rating based on the combined

7  impact of all diagnosed mental impairments.  AR 765.

8      The ALJ found that Dr. Marks's opinion "is not supported by his/her own

9  objective findings, as she/he reported that the claimant was cooperative, could recall

10  items immediately and follow simple directions, and had normal insight and

11  judgment."  AR 25 (citing AR 767–68).  The ALJ continued, "Further, the other

12  evidence of record is inconsistent with the restrictive limitations reported by Dr.

13  Marks because another examiner reported that the claimant was able to complete

14  serial 3 testing, with only mildly impaired remote memory and with intact judgment

15  and insight. As such Dr. Marks' assessment is unpersuasive."  AR 25 (citing AR

16  996–97).

17      The ALJ based his treatment of Dr. Marks's opinions on his observation that

18  her objective findings regarding Plaintiff were unremarkable.  AR 25.  However, Dr.

19  Marks noted both normal and abnormal findings in the mental status examination

20  portion of the form.  AR 766–67.  While Dr. Marks recorded Plaintiff's attitude as

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 21

cooperative, she also noted that Plaintiff made "[z]ero eye contact the entire time" and "[c]ried, rocked back and forth."  AR 766–67.  Dr. Marks noted that Plaintiff had a "depressed" and "anxious" mood and an "agitated" and "full range" affect.  AR 767.  In addition, while noting that Plaintiff's orientation and perception were within normal limits, Dr. Marks found Plaintiff's fund of knowledge and abstract thought to be below normal limits.  AR 767–68.  The ALJ's only other reasoning was that Dr. Marks's findings were in conflict with the findings of one other examiner.  AR 25.

The Court does not find substantial evidence to support the ALJ's treatment of Dr. Marks's opinion, and, therefore, finds error with respect to this medical source opinion.

Aaron Burdge, PhD

Plaintiff argues that the ALJ erred in failing to address Dr. Burdge's July 2018 opinion that Plaintiff is severely limited in eight basic work activities.  ECF No. 22 at 6.

The Commissioner responds that the ALJ's oversight in not addressing Dr. Burdge's opinion in the decision "does not warrant remand because Dr. Burdge's opinion is both incomplete—in that it fails to address relevant questions about the basis and duration of Plaintiff's functional limitations—and is essentially identical to

Dr. Marks's opinion, which the ALJ properly considered and found unpersuasive." ECF No. 21 at 11.

Dr. Burdge conducted a review of the medical evidence for DSHS on July 5, 2018, and assessed Plaintiff as being markedly limited in three work-related abilities and severely limited eight other work-related ability categories. AR 811. Dr. Burdge did not respond to all of the questions on the DSHS form.

The Ninth Circuit has noted that the failure to address a relevant medical opinion can be consequential to the ALJ's ultimate decision. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (holding that a failure to address a medical opinion was reversible error).

The ALJ's decision did not address Dr. Burdge's opinion. *See* AR 15–28. Therefore, the Court cannot evaluate whether the ALJ provided sufficient reasons for Dr. Burdge's opinion, and, to the extent that Dr. Burdge's opinion mirrors that of Dr. Marks, the Court already found that the ALJ erred with respect to his evaluation of Dr. Marks's opinion, and that conclusion also supports finding error with respect to treatment of Dr. Burdge's opinion.

### Patrick Metoyer, PhD

Plaintiff argues that the ALJ's treatment of Dr. Metoyer's July 2020 evaluation of Plaintiff is not supported by substantial evidence. ECF No. 22 at 8. Plaintiff continues that Dr. Metoyer's examination noted symptoms that confirm his

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 23

1    disabling opinion, including anxiety and PTSD symptoms of marked severity and

2    daily frequency, and depressed bipolar symptoms of moderate to marked severity

3    and daily frequency. *Id.* at 8–9.

4          The Commissioner responds that the ALJ properly analyzed the supportability

5    and consistency of Dr. Metoyer's opinion, and the Commissioner argues that the

6    Court should reject Plaintiff's request for an alternative interpretation of this opinion

7    and sustain the ALJ's analysis. ECF No. 21 at 9.

8          Dr. Metoyer conducted a mental status examination and psychological

9    evaluation of Plaintiff for DSHS on July 6, 2020. AR 991–97. He assessed

10    moderate to marked limitations in ten basic work activities and an overall severity

11    rating of moderate. AR 995.

12          The ALJ found Dr. Metoyer's opinion to be not persuasive because his

13    "opinion is not supported by his own objective findings, as he noted that the

14    claimant could complete serial 3 testing, was cooperative, had only mildly impaired

15    remote memory, and showed intact judgment and insight." AR 25 (citing AR

16    996−97). The ALJ continued that "[i]n addition, the other evidence of record is

17    inconsistent with a finding that the claimant has more than moderate mental

18    limitations because a prior psychological examiner noted that the claimant could

19    recall items immediately, could follow simple directions, was cooperative, and

20    showed normal insight and judgment." AR 25 (citing AR 767−68).

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 24

1      The ALJ first relied on Dr. Metoyer's own findings to discount his opinion.

2 AR 25.  However, the ALJ handpicked among normal and abnormal findings, and in

3 addition to finding Plaintiff cooperative and displaying intact judgment and insight,

4 Dr. Metoyer also found her to display an "anxious-depressed mood through the

5 evaluation" and having a "dysphoric" affect.  AR 997.  The ALJ next relied on Dr.

6 Marks's observations, which the Court already noted included several remarkable

7 findings.  AR 25 (citing AR 767−68).  Therefore, the Court does not find substantial

8 evidence to support the ALJ's reasons for discounting Dr. Metoyer's opinion and

9 concludes that the ALJ erred in his treatment of Dr. Metoyer's opinion.

10     ***Harmless or Reversible Error***

11      Having found that the ALJ erred in his treatment of five of the medical

12 opinions in the record, the Court turns to whether the error is reversible or harmless

13 in nature.  "Even when the ALJ commits legal error, [courts] uphold the decision

14 where that error is harmless, meaning that it is inconsequential to the ultimate

15 nondisability determination, or that, despite the legal error, the agency's path may

16 reasonably be discerned, even if the agency explains its decision with less than ideal

17 clarity."  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal

18 quotation marks omitted).

19      Plaintiff did not challenge the ALJ's treatment of the opinions of two state

20 agency medical consultants, Norman Staley, M.D. and Greg Saue, M.D., and two

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 25

state agency psychological consultants, Michael Regents Ph.D. and Eugene Kester, M.D., which the ALJ found persuasive.  *See* AR 24.  Those medical consultants opined that Plaintiff could perform light work with postural, manipulative, and environmental limitations, and the psychological consultants opined that Plaintiff could understand, remember, and carry out simple instructions and simple, routine tasks, have superficial exchanges with coworkers, manage a predictable routine with infrequent changes, but could not work with the public.  *See* AR 24.  If found persuasive, the five challenged medical source opinions may have altered the RFC formulated by the ALJ.  Consequently, the Court cannot determine that the ALJ's treatment of those opinions was harmless.  Accordingly, the Court concludes that the ALJ reversibly erred by failing to address medical opinions that may have supported a more restrictive RFC.

### *Remedy*

Upon identifying a legal error, a reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an immediate award of benefits.  *See Harman v. Apfel*, 211 F.3d 1172, 1175–79 (9th Cir. 2000); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award

of benefits. *See Harman*, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").

However, a remand is appropriate where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115−16 (9th Cir. 2003); *see also Garrison*, 759 F.3d at 1021 (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.").

It is not clear from the record here that the ALJ would be required to find Plaintiff disabled if all evidence were properly evaluated. There may be valid reasons to discount the medical opinions at issue that the ALJ did not articulate. *See* AR 810−12 (containing blank portions of Dr. Burdge's Review of Medical Evidence form). The Court also does not find that Plaintiff has shown that a remand for award of benefits is compelled by the record, and the record contains conflicts and inconsistencies in Plaintiff's complaints that should be resolved by an ALJ. *See* AR 21−24. Therefore, remand is appropriate for the ALJ to consider the medical and mental health opinions properly. Because this case must be remanded based upon the issues discussed above, the Court does not reach Plaintiff's other assignments of

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 27

error.  However, the ALJ may consider those assignments of error in the context of a

new sequential analysis that reconsiders the medical source opinions in this case.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED IN PART** with respect to reversal of the Commissioner's final decision and **DENIED IN PART** with respect to remanding for an award of benefits.

2. Defendant's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

3. For the reasons stated above, the decision of the Commissioner is **REVERSED,** and this action is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

4. The District Court Clerk shall enter judgment in favor Plaintiff.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** May 26, 2022.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 28